UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GEORGE MESSIER, | : | No. 3:15-cv-00408 (MPS) |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| INGERSOLL RAND CO., et al. | : | June 1, 2015 |
|     Defendants. | : | |

_____

**ORDER REMANDING CASE**

Plaintiff George Messier ("Messier") filed this suit in Connecticut state court against several corporate defendants, including CBS Corporation ("CBS") and General Electric Company ("GE"), for injuries arising from exposure to asbestos. On March 19, 2015, CBS filed a notice of removal in this Court, asserting jurisdiction under the "federal officer" removal statute, 28 U.S.C. § 1442, on the basis of a "government contractor defense"—specifically, that CBS and GE manufactured any allegedly injurious products under contracts with the U.S. Navy. On March 20, 2015, GE joined in the removal on the same grounds. Messier has moved to remand the case to state court. Because there has not been an adequate showing of a causal connection between Messier's lawsuit and the actions that CBS and GE took under their government contracts, this Court is without jurisdiction under 28 U.S.C. § 1442 and will grant the motion to remand the case.

In order to invoke Section 1442, the defendants "must demonstrate that the acts for which they are being sued . . . occurred *because of* what they were asked to do by the Government." *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 137 (2d Cir. 2008) (emphasis in original). Thus, "[t]he issue is not simply whether the defendants acted under [federal] officials, but whether they are in danger of being sued in state court based upon actions taken pursuant to federal direction." *Ryan v. Dow Chem. Co.*, 781 F. Supp. 934, 950 (E.D.N.Y. 1992) (quotation marks omitted)

(cited with approval in *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liab. Litig.*, 488 F.3d 112, 124-25 (2d Cir. 2007)).

Although the Court must "credit Defendants' theory of the case when determining whether a causal connection exists," *Isaacson*, 517 F.3d at 137, CBS's and GE's removal notices provide no basis for a finding of a causal connection between Messier's lawsuit and the actions that CBS and GE took under contracts with the U.S. Navy. The only allegation in CBS's removal notice that might possibly establish a causal connection is its statement that "[t]hroughout the 1940s, 1950s, 1960s and 1970s, Westinghouse"—to which CBS is a successor—"designed, manufactured and supplied various items of equipment, including turbines, to the United States Navy for use aboard its vessels." ECF No. 1 ¶ 3. GE's removal notice offers the following:

> GE supplied marine steam turbines and related propulsion and power generation equipment to the U.S. Navy and to Electric Boat for use in the construction of Navy ships and nuclear submarines. GE supplied these products pursuant to contracts and specifications executed by the U.S. Navy.

ECF No. 11 ¶ 5.

> Although the complaint does not specifically allege the circumstances under which the plaintiff was exposed to asbestos dust and fibers, it appears that the plaintiff is alleging asbestos exposure from the products GE supplied to the U.S. Navy for use on Navy ships and/or nuclear submarines.

*Id.* ¶ 6.

There is no apparent connection between those allegations and the allegations in the complaint, other than the single fact that Messier works for Electric Boat Corporation, to which GE supplied equipment at some unspecified time in the past. With regard to the factual circumstances giving rise to his injuries, Messier's complaint offers these limited details:

> The Plaintiff, GEORGE MESSIER, has been employed at General Dynamics / Electric Boat Corp., Groton, CT since 1973. He works as a maintenance pipefitter on the premises of Electric Boat Corporation. During his employment, he was exposed to asbestos products or products containing, involving or requiring the use of asbestos, and was exposed to asbestos fibers and materials manufactured

2

> by the Defendants and otherwise placed into the stream of commerce by the Defendants. During his employment, he was around and with the Defendants' products which were designed to require or incorporate asbestos for use, operation or function.

Compl. ¶ 1.

> As a result of the acts of the Defendants as aforesaid and the Plaintiff's exposure to asbestos, asbestos related insulation products, asbestos-containing products, and products that required or involved asbestos for use, operation or function that were manufactured, sold and distributed by the Defendants, Plaintiff GEORGE MESSIER is suffering from lung cancer, asbestosis, asbestos-related lung disease, lung disease and/or loss of lung function.

*Id.* ¶ 12. The complaint makes no mention of the U.S. Navy or Messier's involvement, if any, in the construction of Navy ships and nuclear submarines. Further, the parties have filed a stipulation (ECF No. 45-2) that effectively clarifies that the complaint's allegation of exposure to asbestos "on the premises of Electric Boat Corporation" does not refer to exposure to equipment manufactured by GE and CBS for the U.S. Navy.[1]

In the absence of an adequate showing of a causal connection between Messier's lawsuit and the actions that CBS and GE took under their government contracts, this Court is without jurisdiction under 28 U.S.C. § 1442. The Motion to Remand (ECF No. 45) is therefore GRANTED, and the Clerk is directed to remand this case to Connecticut Superior Court.

**SO ORDERED** this 1st day of June 2015 at Hartford, Connecticut.

                                                              /s/
                                            Michael P. Shea
                                            United States District Judge

---

[1] *Cf. Arter v. Pathmark Stores, Inc.*, No. 14-CV-6933 ERK JMA, 2014 WL 7426792, at *2 (E.D.N.Y. Dec. 31, 2014) (holding, in the context of the amount-in-controversy requirement for diversity jurisdiction, that "a plaintiff's stipulations may be considered as clarification of the jurisdictional facts existing at the time of removal, if the complaint was ambiguous or silent") (quotation marks omitted).